Lisa Rosano
WEIDNER ROSANO
431 W. 7th Ave., Ste. 101
Anchorage, Alaska 99501
(907) 276-1200 (tel.)
(833) 594-1281 (fax)
mberns@weidnerjustice.com
lrosano@weidnerjustice.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| CAROLYN DILLARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | Case No. _____ |

**COMPLAINT FOR DAMAGES UNDER
THE FEDERAL TORT CLAIMS ACT**

COMES NOW Plaintiff, Carolyn Dillard, by and through her attorneys, and hereby states, claims, pleads and alleges as follows:

**INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C § 1346(b)(1), for medical malpractice, negligence and reckless conduct, negligent infliction of emotional distress, and professional malpractice in connection with medical care provided to Plaintiff Carolyn Dillard by the United States of America and

the Department of the Interior Bureau of Indian Affairs and Department of Health and Human Services at the Upper Tanana Health Center, run by the Tanana Chiefs Conference, at or near Tok, Alaska.

2. The claims herein are brought against the Defendant United States pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq*.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's wrongdoing.

3. Plaintiff Carolyn Dillard has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act, Standard Form 95.

4. Plaintiff Carolyn Dillard timely served notice of her claim on the United States of America and the proper agenc(ies) on October 21, 2021, less than two years after the incident forming the basis of this Complaint occurred on November 22, 2019.

5. This Complaint is being timely filed. In a letter dated March 8, 2023, the U.S. Department of Health and Human Services' (HHS's) determination letter dated March 8, 2023, stated its denial of this administrative tort claim.

6. Plaintiff sought reconsideration and filed a suit in U.S. District Court, in Case No. 4:23-cv-00018-HRH. Because Plaintiff had not exhausted her administrative remedies, the suit was dismissed without prejudice prior to filing an answer. Correspondence requesting reconsideration was timely sent to the HHS on August 24, 2023 and received by HHS via email on that date. It was also received by HHS via certified mail on August 30, 2023, within 6

WEIDNER ROSANO
*A Professional Partnership*
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax: 833-594-1281

2

months of the denial of the administrative tort claim. HHS has not responded to the request for reconsideration. This suit is timely filed 6 months after August 24, 2023 and August 30, 2023.

7. These claims are timely filed under 28 U.S.C. § 2401(a) and (b) and 28 U.S.C. § 2675(a).

## PARTIES, JURISDICTION, AND VENUE

8. At all relevant times, Plaintiff Carolyn Dillard resided in Northway, Alaska.

9. Tanana Chiefs Conference (TCC) is an Alaska Native non-profit corporation that participates in the Indian Health Service's Tribal Self-Governance Program as an authorized Tribal Organization. Through compacts, contracts, grants, and funding agreements under the authority of the Indian Self-Determination and Education Assistance Act, Public Law 93-638, as amended (ISDEAA), TCC provides comprehensive outpatient medical services to Indian Health Service beneficiaries through its operations of the Upper Tanana Health Center ("Clinic") located at or near Tok, Alaska. Pursuant to Section 107(a) of ISDEAA, codified at 25 U.S.C. § 5328, the Secretaries of the Department of Interior (DOI) (which houses the Bureau of Indian Affairs) and the Department of Health and Human Services (HHS) (which houses the Indian Health Service) issued joint rule 25 C.F.R. Part 900, which extends coverage of the Federal Tort Claims Act (FTCA) to Indian tribes, Tribal organizations and Indian contractors who carry out programs, functions, services, and activities that are contracted and/or funded under the Indian

**WEIDNER ROSANO**
*A Professional Partnership*
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax: 833-594-1281

Self-Determination and Education Assistance Act. *See* 25 CFR § 900.180, *et seq.* 25 U.S.C. § 5396(a) further ensures the full protection and coverage of the Federal Tort Claims Act to Indian tribes, Tribal organizations and Indian contractors performing functions pursuant to an ISDEAA agreement.

10. Defendant United States of America, through compacts, contracts, grants, and funding agreements between TCC and Indian Health Service, an agency within the U.S. Department of Health and Human Services, and the Bureau of Indian Affairs, an agency within the U.S. Department of Interior, operates the Upper Tanana Health Center. Employees of TCC at the Upper Tanana Health Center are deemed employees of the United States for purposes of the FTCA by virtue of compacts between TCC and Indian Health Service and the Bureau of Indian Affairs under the ISDEAA.

11. Curt Litton was employed by TCC as a medical care provider when he treated Ms. Dillard at Upper Tanana Health Center on November 22, 2019.

12. Litton was acting within the scope and course of his employment as a physician assistant on behalf of Defendant United States of America when he provided medical services to Plaintiff Carolyn Dillard. To the extent Litton was an agent of and/or employed by the United States, the United States is liable for his negligent or wrongful acts or omissions.

13. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Tanana Chiefs Conference

4

and its Upper Tanana Health Center are hereinafter collectively referred to as "TCC" and/or "United States" and/or "Clinic."

14. At all times relevant to this Complaint, TCC held itself out to the Plaintiff as a provider of professional health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

15. Upon information and belief, all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff employed by and/or acting on behalf of the United States, were acting within the scope of their employment and/or agency. Furthermore, the United States is responsible for the negligent acts of its employees and agents, under respondeat superior and is responsible for supervising and retaining said employees and agents.

16. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

17. Venue is proper under 28 U.S.C. § 1402(b) and 28 U.S.C. § 1391 in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Alaska.

## FACTUAL ALLEGATIONS

18. Ms. Dillard realleges and reincorporates each and every allegation above as if fully set forth herein.

19. On November 22, 2019, at about 3 p.m., Carolyn Dillard was a patient at the Upper Tanana Health Center, run by the TCC, at or near Tok, Alaska. She came in as a walk-in patient and was assigned to physician assistant Curt

WEIDNER ROSANO
*A Professional Partnership*
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax: 833-594-1281

5

Litton. Ms. Dillard's daughter, Katrina Dillard, was in the exam room with her.

20. When Litton came into the exam room, he introduced himself as Ms. Dillard's medical provider, engaged in some small talk, and spoke with Ms. Dillard about her symptoms. He stepped forward in front of Ms. Dillard to listen to her heart and lungs with the stethoscope.

21. Ms. Dillard sat on the exam table during the examination. Litton leaned over Ms. Dillard to listen to her back with a stethoscope. As Litton leaned over her to perform this part of the examination, Ms. Dillard felt what she believed to be his groin, touch her right knee. Litton then started to go back and forth and side to side with his groin on her right knee. Ms. Dillard moved back on the exam table as far as she could, hoping that the touching was inadvertent and that it would stop if she moved away. But Litton pushed forward and did it again.

22. Litton then pushed on Ms. Dillard's knee with a lot of pressure, and she felt what she believed to be his genitals "pop" on her knee. She was stunned and horrified.

23. When Litton left the exam room, Ms. Dillard was in a state of shock and told her daughter that they had to go NOW. Ms. Dillard's daughter had not seen what had happened and told her mom she had to stay and finish all the medical tests. Ms. Dillard was in a state of shock and she stayed through the remainder of the appointment, just trying to survive it.

24. When Ms. Dillard got home, she was in shock and extreme distress. She could not sleep and could not stop thinking about the conduct. Ms. Dillard had been sexually abused as a young child and she suffered renewed trauma. The next day, she disclosed to her daughter what happened at the appointment. A report was made to the Alaska Troopers.

25. Ms. Dillard later learned that Litton had on prior occasion(s) improperly treated other women in her community, including women close to her. That is, Litton had been permitted to harm other indigenous female member(s) of her tribal community/family. Indeed, at the time of Litton's culpable conduct on her, the Clinic and/or its employees and agents had received complaint(s) concerning Litton as to similar conduct, but they had not taken any action on those complaints. On information and belief, the Clinic was obligated to investigate and take appropriate action on such complaints. Had the Clinic properly acted to investigate, Litton would not have treated her.

26. As a patient, Ms. Dillard was a vulnerable person. As an indigenous woman with a history of sexual violence, Ms. Dillard was a vulnerable person. As a patient and a female seeking medical care in a sparsely populated community, with no other meaningful health care options, Ms. Dillard was a vulnerable person.

27. Ms. Dillard was shocked and distressed to learn that Litton had culpably treated other women who were her tribal community family members, and that the conduct was known to the Clinic. Despite said knowledge, Litton was

WEIDNER ROSANO
A Professional Partnership
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax: 833-594-1281

7

permitted to treat Ms. Dillard. All of this caused further emotional distress and injury and has impacted Ms. Dillard as to her ability to trust the Clinic with her health care needs and has exacerbated her trauma from childhood sexual abuse.

28. As a direct and proximate result of the culpable acts and/or omissions of the United States, Ms. Dillard has suffered ongoing extreme mental and emotional distress.

29. Due to the culpable acts and/or omissions of the United States, Ms. Dillard is fearful to seek medical care that she needs. Ms. Dillard continues to suffer from significant mental and emotional distress and trauma from her injuries, in addition to the physical impacts to her health and well-being from not receiving medical care when she should, which includes pain and suffering.

## CAUSES OF ACTION
### COUNT 1- MEDICAL MALPRACTICE NEGLIGENCE AND/OR RECKLESSNESS

30. Ms. Dillard realleges and reincorporates each and every allegation above as if fully set forth herein.

31. The United States had the duty to provide medical services that met the standard of care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise Defendants owed their patients, including the Plaintiff.

32. The United States breached its duty of care to Ms. Dillard.

WEIDNER ROSANO
*A Professional Partnership*
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax: 833-594-1281

33. As a direct and proximate result of the United States's wrongdoing, Ms. Dillard sustained serious and permanent injuries and damages.

34. The acts and/or omissions set forth above would constitute a claim under the law of the State of Alaska.

### COUNT II- VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, APPARENT AGENCY AND/OR AGENCY FOR NEGLIGENT AND/OR RECKLESS CONDUCT

35. Ms. Dillard realleges and reincorporates each and every allegation above as if fully set forth herein.

36. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents and staff of the United States acted within their respective capacities and scopes of employment for the United States such that the United States is liable for their culpable acts and omissions.

37. At all times relevant to this case, Litton acted within his capacity as a medical provider working on behalf of the United States and TCC.

38. The conduct by Litton, as to any unintentional and/or intentional touching, was below the standard of care for medical care.

39. At all times relevant to this case, the Clinic employees and staff acted within their capacity as medical providers working on behalf of the United States and TCC.

40. The United States is liable for the conduct of its employees and agents acting within the scope of their employment to treat patients.

### COUNT III- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

WEIDNER ROSANO
*A Professional Partnership*
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax: 833-594-1281

41. Ms. Dillard realleges and reincorporates each and every allegation above as if fully set forth herein.

42. As her treating medical provider, the United States owed Ms. Dillard a duty to care to ensure that individuals known to mistreat patients were not permitted to continue treating patients.

43. The negligent and/or reckless actions of the Defendants United States caused foreseeable severe emotional distress to Plaintiff Carolyn Dillard and she continues to suffer from same.

## COUNT IV- NEGLIGENT HIRE, SUPERVISION, TRAINING

44. Ms. Dillard realleges and reincorporates each and every allegation above as if fully set forth herein.

45. The United States had a duty to hire, supervise, and train its medical staff as to their duties to treat patients.

46. The United States had a duty to hire, supervise, and train its staff as to their duties to investigate and act on claims, complaints, and allegations of misconduct, medical malpractice, and sexual misconduct, by its employees on patients of its clinic.

47. The United States is liable for its failure to adequately hire, supervise, and train its staff as to their duties to investigate claims, complaints, and allegations of misconduct, medical malpractice, and sexual misconduct, by its employees on patients of its clinic.

## COUNT V- BREACH OF DUTY TO INVESTIGATE

WEIDNER ROSANO
*A Professional Partnership*
431 West 7th Avenue, Suite 101
Anchorage, AK  99501
(907) 276-1200  Fax: 833-594-1281

48. Ms. Dillard realleges and reincorporates each and every allegation above as if fully set forth herein.

49. The United States had a duty to investigate reports, complaints, allegations, of medical malpractice, misconduct, and sexual misconduct by its employees on patients.

50. The United States had a duty to protect patients, who are vulnerable, as to known medical providers who have engaged in medical malpractice, misconduct, and sexual misconduct by its employees.

51. The United States did not investigate prior report(s) of medical malpractice, misconduct and/or sexual misconduct by Litton, leading him to remain employed and seeing patients such as Ms. Dillard.

52. The United States is liable for its failure to investigate prior report(s) of medical malpractice, misconduct, and/or sexual misconduct by Litton, and for the damages resulting from same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carolyn Dillard prays the following relief be entered against the Defendant United States as follows:

1. For an award of compensatory damages totaling $950,000;

2. Post-judgment interest in the maximum amount allowed by law;

3. Costs and attorney's fees incurred in this action, together with such further and additional relief at law or in equity that this Court may deem proper.

**WEIDNER ROSANO**
*A Professional Partnership*
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200  Fax: 833-594-1281

RESPECTFULLY SUBMITTED this 4th day of March, 2024.

                              WEIDNER & ASSOCIATES
                              *A Professional Corporation*


                              By: */s/ Lisa Rosano*
                                  Lisa Rosano

**WEIDNER ROSANO**
*A Professional Partnership*
431 West 7th Avenue, Suite 101
Anchorage, AK 99501
(907) 276-1200 Fax: 833-594-1281